FILED
2022 Jul-14 AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

AUSTIN EDMONDS, )
DEBORAH FLETCHER, )
LASHAWNA MATTHEWS, )
and DESTINY PAYNE, )
)
Plaintiffs, )
) Civil Action No.
vs. )
) ____________________________
THE DOCKS, LLC, and )
MARK HALL, )

Defendants.

---

## COMPLAINT

## I. JURISDICTION

1. This is a suit for unpaid wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Jurisdiction of this Court exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331 and 1343(4).

## II. PARTIES

2. Plaintiff Austin Edmonds ("Edmonds") is a citizen of the United States over the age of nineteen and a resident of Jackson County, Alabama.

3. Plaintiff Deborah Fletcher ("Fletcher") is a citizen of the United States over the age of nineteen and a resident of Jackson County, Alabama.

4. Plaintiff Lashawna Matthews ("Matthews") is a citizen of the United States over the age of nineteen and a resident of Marshall County, Alabama.

5. Plaintiff Destiny Payne ("Payne") is a citizen of the United States over the age of nineteen and a resident of Jackson County, Alabama.

6. Edmonds, Fletcher, Matthews, and Payne are collectively referred to herein as "Plaintiffs."

7. Defendant The Docks, LLC ("The Docks") is an Alabama limited liability company with a place of business in Scottsboro, Jackson County, Alabama.

8. The Docks is and was at all times relevant to this complaint a covered entity with regard to the minimum wage provisions of the FLSA engaged in commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s).

9. The Docks was Plaintiffs' "employer" under the FLSA pursuant to 29 U.S.C. § 203(d) during all times relevant to this case.

10. Each Plaintiff was an "employee" of The Docks under the FLSA pursuant 29 U.S.C. §203(e)(1) during all times relevant to this case.

11. Defendant Mark Hall ("Hall") is, upon information and belief, a resident of Scottsboro, Jackson County, Alabama.

12. Hall is and was during all times relevant to this case the owner of The Docks.

13. Hall supervised and controlled the day-to-day operations of The Docks, including the supervision of Plaintiffs, during all times relevant to this case.

14. Hall was Plaintiffs' "employer" under the FLSA pursuant to 29 U.S.C. § 203(d) along with The Docks during all times relevant to this case.

15. Each Plaintiff was an "employee" of Hall under the FLSA pursuant 29 U.S.C. §203(e)(1) during all times relevant to this case.

16. The Docks and Hall are collectively referred to herein as "Defendants."

### III. STATEMENT OF FACTS

17. Plaintiffs adopt by reference the allegations in paragraphs 1 through 16 above as if fully set forth herein.

18. During all times relevant to this case, The Docks operated a restaurant by the same name in Scottsboro, Jackson County, Alabama ("the restaurant").

19. During all times relevant to this case, Hall supervised and controlled the day-to-day operations of the restaurant.

20. Plaintiff Edmonds worked as a server at the restaurant from sometime in early 2020 until January of 2022.

21. Defendants always paid Edmonds $2.15 an hour as a server, plus tips.

22. Plaintiff Fletcher worked at the restaurant as a server from January of 2015 until January of 2022.

3

23. Fletcher's pay rate changed over time, but Defendants always paid her less than minimum wage, plus tips.

24. Plaintiff Matthews worked as a server at the restaurant from January of 2021 until in or about December of 2021.

25. Defendants always paid Matthews $2.15 an hour as a server, plus tips.

26. Plaintiff Payne worked as a server at the restaurant from March of 2020 until January of 2022.

27. Defendants always paid Payne $2.15 an hour as a server, plus tips.

28. At all times material to this action, The Docks was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

29. The Docks' employees are and were during all relevant events engaged in interstate commerce and handled and/or worked on goods that had been moved in and/or produced in commerce.

30. The Docks' annual gross volume of business revenue exceeds $500,000.00.

31. Plaintiffs were individually engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Their interstate commercial activity included, but was not limited to, serving customers who

were traveling in interstate commerce, serving food that originated out of state, and processing debit and credit card transactions that crossed state lines.

32. During all times relevant to this case, the restaurant began serving at 5:00 p.m.

33. Plaintiffs were always required to be at work at 3:00 p.m.

34. From 3-5 p.m. each work day, Plaintiffs were all required to perform the following duties: clean floors, wipe down tables, clean the bathrooms and toilets, clean the windows, make dressings and desserts, cut vegetables and fruits, make dip, make chips, make tea, prepare soups, and cut foods for the sandwich station.

35. These pre-opening duties took the full two hours before the restaurant began serving.

36. At the end of the night, Plaintiffs had to take everything down, dump out tea, wrap and store food, clean tables and counters, clean the floors, and take out the trash.

37. These post-closing duties took an hour or more.

38. On Friday and Saturday nights, these post-closing duties took longer because Plaintiffs had to scrub floors, including in the kitchen.

39. Defendants always paid Plaintiff's their sub-minimum wage, tipped rate of pay for performing these pre-opening and post-closing duties.

40. Hall was always aware that Plaintiffs were performing these pre-opening and post-closing duties at their sub-minimum wage, tipped rate of pay.

41. Plaintiffs did not wait on any customers while performing the pre-opening and post-closing duties.

42. The pre-opening and post-closing duties performed by Plaintiffs did not directly generate tips, nor did they directly support tip-producing work.

43. Plaintiff were paid less than minimum wage for performing the pre-opening and post-closing duties.

## IV. CAUSES OF ACTION

### COUNT I

### FLSA

44. Plaintiffs adopt by reference the allegations in paragraphs 1 through 43 above as if fully set forth herein.

45. During the three years preceding the filing of this Complaint, The Docks was an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l).

46. During the three years preceding the filing of this Complaint, The Docks had two or more employees, including Plaintiffs, engaged in interstate commerce and further had employees who handled and/or worked on goods that had been moved in and/or produced in commerce.

47. During the three years preceding the filing of this Complaint, The Docks' gross annual volume of revenue exceeded $500,000 per year.

48. During the three years preceding the filing of this Complaint, The Docks was Plaintiffs' employer as defined in 29 U.S.C. §203(d) during their respective periods of employment in that time.

49. During the three years preceding the filing of this Complaint, Plaintiffs were The Dock's employees as defined in 29 U.S.C. §203(e)(1) during their respective periods of employment in that time.

50. Plaintiffs were engaged in interstate commerce while working for The Docks. Plaintiffs' interstate commercial activity included, but was not limited to, interacting with customers traveling in interstate commerce, serving food that originated out of state, using the instrumentalities of interstate commerce including processing debit and credit card transactions, and speaking with customers on the telephone.

51. During the three years preceding the filing of this Complaint, The Docks was a covered employer under the FLSA with respect to mandatory payment of minimum wage.

52. At all times during their employ with The Docks, Plaintiffs were non-exempt under the FLSA with respect to its minimum wage provisions.

53. Plaintiffs should have been paid at least minimum wage for performance of the pre-opening and post-closing duties as set forth above.

54. The Docks improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for the time Plaintiffs spent performing these non-tip-producing duties.

55. The time Plaintiffs spent on these non-tip-producing duties was not occasional, incidental, or insignificant; it was substantial.

56. The Docks could have easily have calculated the time spent on these non-tip-producing duties, as they were performed at the beginning and the end of Plaintiffs' shifts and not interspersed throughout their shifts.

57. The Docks violated the FLSA by failing to pay Plaintiffs minimum wage for performance of these non-tip-producing duties.

58. As a result, Plaintiffs lost wages for these hours worked on the non-tip-producing duties.

59. Hall supervised and controlled the day-to-day operations of The Docks, including the supervision of Plaintiffs during their respective periods of employment.

60. Hall was therefore Plaintiffs' "employer" under the FLSA pursuant to 29 U.S.C. § 203(d) along with The Docks during all times relevant to this case.

61. Hall is jointly and severally liable with The Docks for the failure to pay Plaintiffs minimum wage for performance of the non-tip-producing duties.

62. In refusing to pay Plaintiffs minimum wage for the non-tip-producing duties, Defendants willfully violated the FLSA.

**WHEREFORE, these premises considered**, Plaintiffs respectfully request the following:

(i) That, pursuant to 28 U.S.C. §2201, the Court issue an Order declaring that Defendants' actions herein violated Plaintiffs' rights under the FLSA;

(ii) That the Court enter an Order requiring Defendants to make Plaintiffs whole by paying them unpaid wages and liquidated damages;

(iii) That the Court award Plaintiffs prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate them for any adverse tax consequences resulting from a judgment in their favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiffs
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Voice & Text: (205) 322-8999
Facsimile: (205) 402-4619
adam@adamporterlaw.com

Plaintiffs request trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiffs